**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01246-WJM

DIABLO MEDIA, LLC, a Colorado
limited liability company,

        Plaintiff,

v.

H2H INTERACTIVE, INC., a Colorado
corporation; RICHARD MIRSKY, an
individual; and NIKKI ZIMMER, an
individual,

        Defendants.

**STIPULATED PROTECTIVE ORDER**

**Tafoya, J.**

        1.      In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. Certain Parties assert the disclosure of such information outside the scope of this litigation could result in injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

//

//

**DEFINITIONS**

2.     "Confidential Information" means any materials—including any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public and properly designated by one of the Parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" in the manner provided in paragraph 8 below.

3.     The term "Counsel" shall mean outside Counsel of record, and other attorneys, paralegals, secretaries, and designated contract attorneys and other support staff employed by the law firms identified below.

4.     The term "Party" shall mean, in the plural as well as the singular, any named plaintiff or defendant in this action, and shall include any present directors, officers, or employees of any Party.

5.     The term "Designating Party" shall mean a Party or non-party that designates materials that it produces in disclosures or in discovery as Confidential Information.

## GENERAL RULES

6.     Any Party or non-party to this litigation may designate information it produces in connection with this litigation as "CONFIDENTIAL." Information designated "CONFIDENTIAL" shall be information containing personnel information of a nature typically regarded as confidential, business information of the Designating Party or a client of the Designating Party, which the Designating Party maintains is both confidential and, if publicly disclosed, potentially damaging to its or its client's business interests, terms of confidential agreements between a Party and a non-party, trade secrets as defined by C.R.S. § 7-74-102(4) and/or information in which the Party or non-party has a privacy interest protected by applicable

law.  The Designating Party must exercise restraint, designating only those portions of the materials that warrant protection.  The Designating Party must promptly withdraw any mistaken designation.

7. Any Party to this litigation may designate information it produces as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" if the Designating Party believes, in good faith, that the materials contain confidential discussions or planning of a forward-looking, strategic nature.  Examples include discussions of whether to or decisions to enter a new market, enter into a strategic alliance, acquire an existing business, or obtain substantial new investments or financing.  The Designating Party must exercise the utmost care and restraint, designating as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" those portions of the materials that warrant such extreme protection.   If a Document contains both information designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and other relevant or responsive information, the Designating Party shall highlight or otherwise indicate the specific portions so designated.  At the request of the receiving party, the Designating Party will produce a copy of the Document with as such materials redacted.  The Designating Party may designate the redacted Document as "CONFIDENTIAL," if it satisfies the requirements of paragraph 6 of this Protective Order.  The Designating Party must promptly downgrade or withdraw any mistaken designation.

8. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" on the top of each page of any document produced, which page contains Confidential Information;

      b.    By imprinting "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" next to or above any response to a discovery request; and

      c.    With respect to transcribed testimony, by giving written notice to opposing Counsel designating such portions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" no later than ten calendar days after receipt of the transcribed testimony.

9.    All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a.    Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      b.    Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" shall not be communicated or disclosed by any Party's Counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed;

      c.    Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be disclosed only to (a) the Court and its employees, (b) Counsel of record and its contractors and employees as defined herein, (c) experts and/or consultants (together with their clerical staff) retained by Counsel on behalf of the Parties, who have executed an affidavit in the form of Exhibit A hereto, (d) mediators and/or discovery referees selected by Counsel on behalf of the Parties or appointed by the

Court in this action, (e) court reporter(s) employed in this action, (f) litigation support services, including outside copying services, court reporters, stenographers, or companies engaged in the business of supporting computerized or electronic discovery or trial preparation retained by Counsel in this action, (g) witnesses at any deposition to the extent deemed in good faith reasonably necessary by Counsel to aid in the prosecution, defense, or settlement of this action, who have executed an affidavit in the form of Exhibit A hereto, and (h) any other persons to whom the Parties agree in writing or on the record to disclose such information. Nothing herein prevents a Designating Party from disclosing Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," which was designated <u>solely</u> by said Designating Party, to any person.

10. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

11. The Party's Counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

12. During the pendency of this action, opposing Counsel may upon court order or agreement of the parties inspect the list maintained by Counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of

Confidential Information and that opposing Counsel are unable otherwise to identify the source of the disclosure. If Counsel disagrees with opposing Counsel's showing of substantial need, then Counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

13. No copies of Confidential Information shall be made except by or on behalf of Counsel in this litigation and such copies shall be made and used solely for purposes of this litigation. No copies of Confidential Information shall be given to any person except for Counsel, persons employed in Counsel's firms, parties, and expert witnesses retained by Counsel; except that this paragraph shall not restrict the use of Confidential Information as exhibits in depositions or court proceedings.

14. If opposing Counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' Counsel in writing of the specific grounds of objection to the designation. All Counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If all Counsel are not able to resolve the dispute, it shall be the obligation of the Designating Party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within twenty-one days of notice of the objection, the disputed information shall be treated as designated under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the Designating Party shall bear

the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

15. Use of Confidential Information in Court Proceedings:   In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

16. The termination of this action shall not relieve Counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

17. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither a Party's stipulation to entry of this Order nor its failure to object to designation of any information as Confidential shall be admissible on the issue of whether any information is a trade secret or "confidential," as that term is used in any contract. No documents shall be shown to the jury with a confidential mark, unless it bore that mark as kept in the ordinary course of business.

18. Upon termination of this litigation, including any appeals, each Party's Counsel shall make reasonable efforts to retrieve all copies of Confidential Information in the possession of any person to whom such copies were given in accordance with paragraph 8 hereof. If any such person fails to return such copies, then the attorney who provided the copies to that person will so notify the attorney whom designated the information as Confidential.

19. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 7th day of September, 2012.

BY THE COURT:

_____
KATHLEEN M. TAFOYA
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

KRONENBERGER ROSENFELD, LLP

JESTER, GIBSON & MOORE, LLP

By:\_\_\_\_s/Karl S. Kronenberger_____
    Karl S. Kronenberger
    Virginia Sanderson
    150 Post Street, Suite 520
    San Francisco, CA 94108
    (415) 955-1155
    Karl@KRInternetLaw.com
    Ginny@KRInternetLaw.com

By:\_\_\_\_s/Brian T. Moore_____
    Brian T. Moore
    1999 Broadway, Suite 3225
    Denver, CO 80202
    (303) 377-7888
    Bmoore@jgllp.com

ATTORNEYS FOR PLAINTIFF DIABLO MEDIA, LLC

ATTORNEYS FOR DEFENDANTS H2H INTERACTIVE, INC., RICHARD MIRSKY, and NIKKI ZIMMER

# EXHIBIT A

## **AFFIDAVIT**

STATE OF COLORADO )
                                ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in Diablo Media, LLC v. h2h Interactive, Inc. *et al.*, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., Counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. If I have received a copy of any Confidential Information, I will make no copies thereof, and will not show that Confidential Information. I will return all copies I received to the attorney who provided them to me promptly upon his or her request.

5. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

                                                            (Signature)

                                                            (Print or Type Name)

                                                            Address:

                                                            Telephone No.: (\_\_\_\_\_)_____

SUBSCRIBED AND SWORN to before me this * day of *, 2012, by _____.

WITNESS my hand and official seal.

|  |  |
|---|---|
| [S E A L] | Notary Public |
|  | My Commission Expires: _____ |